Opinion
COLE, P. J.
The question on this appeal is whether, under the doctrine of commercial frustration, the risk or burden arising from governmental action preventing use of leased property should fall on the lessor-financer or the lessee. The trial court held in favor of the lessee, Mitchell Lipsett Company, Inc., and Federal Leasing Consultants, Inc., the lessor, appealed. We affirm.
*Supp. 47 Appellant and respondent, in late May 1974 entered into a lease for an electronic burglar alarm system which operated on certain radio frequencies and was intended to provide security for the respondent’s place of business. This equipment was manufactured by American Radar Protection Devices, not a party to this action. American Radar solicited respondent to buy the equipment and recommended that respondent use appellant’s services to finance the transaction. The lease transaction left title to the equipment in appellant. Respondent was obligated to pay monthly rent and to return the equipment in good condition to appellant at the end of the lease. In March 1975, the United States District Court issued an injunction requiring that the subject equipment and all other equipment similar to it be rendered inoperable because it interfered with secret government radio frequencies. At the time of the execution of the lease and for a period of time thereafter neither the appellant nor the respondent were aware of this problem. Respondent became aware of the problem in December 1975 and immediately took steps to rescind the lease. Appellant then brought this action, seeking recovery of the remaining lease payments under a variety of theories. Judgment was for respondent and this appeal followed.
The trial court held that the facts brought the doctrine of commercial frustration into play. The doctrine operates when a not reasonably foreseeable supervening event totally or nearly totally destroys the value of counterperformance in a contract or lease. (Lloyd v. Murphy (1944) 25 Cal.2d 48, 54 [153 P.2d 47]; 20th Century Lites, Inc. v. Goodman (1944) 64 Cal.App.2d Supp. 938, 940-941 [149 P.2d 88].) It is not disputed that the risk of the frustrating event was not reasonably foreseeable. And, clearly, if the question here was raised between respondent and American Radar, it would be proper to excuse performance by respondent, since the value of the counterperformance would have totally failed. Appellant’s argument, however, is that as a lessor who financed the transaction by purchasing the equipment, selected by respondent, from American Radar and who then leased the equipment to respondent, it is in a different position. The purpose of its contract—i.e., the lease—with respondent has been carried out, the argument goes. The sole consideration for respondent’s obligation, appellant says, was not the utilization of the equipment but rather the financing of its acquisition.
“The question in cases involving frustration is whether the equities of the case, considered in the light of sound public policy, require placing the risk of a disruption or complete destruction of the contract equilib *Supp. 48 rium on defendant or plaintiff under the circumstances of a given case [citations omitted] and the answer depends on whether an unanticipated circumstance, the risk of which should not be fairly thrown on the promisor, has made performance vitally different from what was reasonably to be expected [citation omitted].” (Lloyd v. Murphy, supra, at pp. 53-54.)
We believe that the equities of this case do justify placing the burden on appellant.
In the first place, the equipment belongs to appellant. The lease expressly makes it clear that title to the burglar alarm system is in the leasing company—not in respondent—and respondent must return it to appellant in good condition at the end of the lease.
In the second place, although respondent was solicited to purchase the alarm system by American Radar, American Radar recommended that respondent utilize appellant’s services to finance the transaction.
Opposing our conclusion, appellant argues that the lease provides “If the equipment is not properly installed, does not operate as represented or warranted by supplier [American Radar] or is unsatisfactory for any reason, lessee shall make any claim on account thereof solely against supplier and shall, nevertheless, pay lessor all rent payable under this lease, lessee hereby waiving any such claims as against lessor.”
The lease agreement was prepared by appellant, is on its form and does not expressly provide against the event which occurred here. Since no evidence was introduced as to the meaning of the above language, its interpretation becomes a matter of law. We must make an independent determination of its meaning. (Parsons v. Bristol Development Co. (1965) 62 Cal.2d 861, 866 [44 Cal.Rptr. 767, 402 P.2d 839].) The document having been prepared by appellant any ambiguities therein are to be construed against it. (Taylor v. J. B. Hill Co. (1948) 31 Cal.2d 373, 374 [189 P.2d 258]; Healy Tibbits Constr. Co. v. Employers’ Surplus Lines Ins. Co. (1977) 72 Cal.App.3d 741, 753-754 [140 Cal.Rptr. 375].) “The rule of resolving ambiguities against the drafter ‘does not serve as a mere tie-breaker; it rests upon fundamental considerations of policy.’ ” (Tahoe National Bank v. Phillips (1971) 4 Cal.3d 11, 20 [92 Cal.Rptr. 704, 480 P.2d 320] quoting Steven v. Fidelity & Casualty Co. (1962) 58 Cal.2d 862, 871 [27 Cal.Rptr. 172, 377 P.2d 284].) We hold that the language *Supp. 49 of the lease quoted above refers to an unsatisfactory condition of the equipment itself, not to an unsatisfactory situation brought about by the operation of an independent supervising agency rendering inoperable otherwise perfectly satisfactory equipment.
Arguing against our conclusion that the “risk of disruption” should be placed on respondent lessee and not on itself, appellant states that the purpose of the lease agreement was merely for it to finance respondent’s burglar alarm system. That purpose, the argument goes, was not frustrated. We think that this construes the conduct of the parties much too narrowly. Whether we regard the basis of the doctrine of commercial frustration as resting on an implied condition (20th Century Lites, Inc. v. Goodman, supra, 64 Cal.App.2d Supp. 938, 943-944), or on the ground of failure of consideration (Lloyd v. Murphy, supra, 25 Cal.2d 48, 53) (see 17A C.J.S., Contracts, § 463(2), pp. 618-620), it is clear that the fundamental purpose of the transaction was to give respondent a functioning burglar alarm system. There is no reason, in the absence of an express agreement to the contrary, for us to assume that appellant agreed to acquire the ownership of and lease to respondent a burglar alarm system that could not be used or that respondent agreed to pay rental for the nonuse of such a system.
The case of Holmes Packaging Mach. Corp. v. Bingham (1967) 252 Cal.App.2d 862 [60 Cal.Rptr. 769], relied upon by appellant is distinguishable. The case did not discuss the doctrine of commercial frustration but rather turned on the question of warranties. The court held that no implied warranty of fitness was available because the lessee and not the lessor had selected the goods and no implied warranty of merchantability was available because the lessor did not deal in goods of the kind involved. We might agree that appellant here is not liable to respondent on a warranty basis because there is a disclaimer of warranties in the lease under discussion, but we are not concerned with any liability of appellant to respondent. Rather, we are concerned only with respondent’s obligation to continue to pay the rental amounts. It is continued performance of that obligation which has been excused by the discharge of the lease under the doctrine of commercial frustration.
The judgment is affirmed.
Bigelow, J., and Ibáñez, J., concurred.